RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/2/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHESTER MAE TUCKER, et al., Plaintiff | CIVIL ACTION SECTION "P" 1:10-CV-01147 |
| VERSUS | |
| STEVEN MERCHANT, et al., Defendants | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and supplemental state law claims by Chester Mae Tucker ("Tucker"), Eddie Phillips ("Eddie"), Henry Earl Phillips (Henry"), Janie Lee West ("West"), Anita Fay Phillips ("Anita"), Dorothy B. Coutee Jackson ("Jackson"), and Juanita Leonard ("Leonard"), all biological siblings of Harold Phillips, deceased, and residents of Grant Parish, Louisiana. Plaintiffs contend that Harold Phillips was not married and did not have any children, so they are the proper plaintiffs in his survival action and a wrongful death action.

The named defendants are the City of Colfax, Louisiana Mayor Gerald Hamilton ("Hamilton") (in his official capacity), the Colfax Police Department, Stephen Merchant ("Merchant") (a police officer employed by the City of Colfax and sued in both is individual and official capacities), and Leroy Johnson ("Johnson") (the Colfax Chief of Police, sued in his official capacity).

Plaintiffs contend that Harold Phillips was shot and killed by Officer Merchant on July 24, 2009, although he did not pose a threat to Merchant or anyone else. Plaintiffs contend the decedent was subjected to excessive force, assault and battery, and negligence, and allege both wrongful death and survival actions against defendants under both federal and state law. Plaintiffs also contend the municipal defendant and its decision-makers (also defendants) maintained, enforced, tolerated and applied unconstitutional polices, practices or customs for (1) subjecting people to the use of unreasonable use of force, (2) selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence and other misconduct, (3) failing to adequately train, supervise, and control employees in the proper use of deadly force, (4) failing to adequately discipline officers involved in misconduct, (5) condoning and encouraging officers in the belief that they can violate persons' rights with impunity and that such conduct will not adversely affect their opportunities for promotion and/or other employment benefits, and (6) ordering, authorizing, acquiescing in, tolerating, permitting, and maintaining customs and usages permitting defendants to engage in unlawful and unconstitutional actions, policies, practices, and customs or usages, and that such conduct constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross

negligence, or reckless disregard to the safety, security and rights of the decedent and plaintiffs.

For relief, plaintiffs ask for general compensatory, special, exemplary, and punitive damages for themselves and the decedent, costs, attorney fees, and equitable relief.

Hamilton, Johnson and the Town of Colfax filed a motion to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(6), a motion for a more definite statement pursuant to rule 12(b)(4), and a motion to strike (Docs. 12, 14). Plaintiffs filed an opposition to those motions (Doc. 17). Defendants' motions were referred to the undersigned Magistrate Judge for Report and Recommendation (Doc. 25).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be

taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

The Court cannot consider extrinsic evidence in ruling on a 12(b)(6) motion. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). If it does so, it converts the motion into one for summary judgment under Federal Rule 56, requiring notice and the opportunity to present evidence. See Fed. R. Civ. Proc. 12(b).

Defendants attached extrinsic evidence to their motion to dismiss, including documentary evidence and affidavits, and allege that Officer Merchant is entitled to qualified immunity. Plaintiffs argue that, if defendants' motion is treated as one for summary judgment, it is premature because discovery has not yet taken place. Because of the extrinsic evidence, attached to the motion,

IT IS ORDERED that defendants' motion to dismiss pursuant to Rule 12(b)(6) shall be TREATED AS ONE FOR SUMMARY JUDGMENT PURSUANT TO RULE 56.

IT IS FURTHER ORDERED that the parties have **sixty (60) calendar days** from the date of this order to complete discovery.

Discovery shall include all issues before the court, rather than proceed piecemeal.

IT IS ORDERED that plaintiffs have **thirty (30) calendar days** thereafter to file a response to defendants' motion for summary judgment.

IT IS ORDERED that defendants may file a reply to the response within **ten (10) business days** after plaintiffs' response is filed.

IT IS ORDERED that defendants' motion to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(4) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 1st day of March 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE